UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE SHERWIN-WILLIAMS COMPANY,
f/k/a SHERWIN-WILLIAMS AUTOMOTIVE
FINISHES CORP.,                                            CASE NO.:  12-cv-23362

      Plaintiff,

vs.

AUTO BODY TECH, INC., PALM BEACH
AUTO BODY, INC., and JAIPAL S. GILL ,

      Defendants.
_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

    COME NOW, Defendants, AUTO BODY TECH, INC., PALM BEACH AUTO BODY, INC., and JAIPAL S. GILL, by and through their undersigned counsel, pursuant to Rule 15(a), Federal Rules of Civil Procedure, and Local Rule16.1.B, and hereby move this Court for leave to amend Defendants' Answer, Affirmative Defenses, and to file a Counterclaim, and as grounds state the following:

    1.    This is Defendants' first request to amend their Answer and Affirmative Defenses to the Complaint.

    2.    Pursuant to the Court's Case Management and Scheduling Order entered January 9, 2013, the deadline for a party to amend its pleadings was January 22, 2013. [Dkt. No. 44]

    3.    Since filing their Answer and Affirmative Defenses to the Complaint, Defendants, while in the process of conducting discovery, discovered that a class action exists.

4. Defendants filed their Counterclaim before the deadline for amendment of the pleadings, but failed to file a Motion to Amend at the same time.

5. Plaintiff subsequently filed a Motion to Dismiss/Strike the Counterclaim, arguing that Defendants did not properly obtain leave of Court.

6. The proposed Counterclaim was filed with the court on January 22, 2013 and is located under docket number 46.

7. Subsequent to the filing of the Counterclaim, Plaintiff's filed a Motion to Strike, docket number 56 Defendants' will respond to the Plaintiff's motion in accordance with the rules of procedure. However, in light of some issues raised therein, Defendants first request the Court grant leave to amend to file an Amended Answer, Affirmative Defenses and Counterclaim.

8. The Amended Answer, Affirmative Defenses and Counterclaim would promote the interest of justice and will enable the Defendants to defend themselves on the merits of this case.

9. The amendments will not prejudice Plaintiff.

10. The trail herein is currently set for March 24, 2014 and it is currently anticipated that the matter will be able to proceed to trial on schedule.

11. Counsel for Defendants files this Motion in good faith and not for purposes of undue delay.

12. The failure to file a Motion to Amend at the same time as the Counterclaim on January 22, 2013 was an inadvertent error of counsel and should not result in prejudice to the Defendants.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 16(b)(3)(A) requires a district court to enter a scheduling order limiting the time to amend the pleadings. The scheduling order may only be amended for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). *See also Francois v. Miami Dade County*, 432 F. App'x 819, 821 (11th Cir. 2011) (stating that "to amend a pleading after a court-imposed deadline, a party must show good cause…") "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint, Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id* at 3. If a party was not diligent, the good cause inquiry should end. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

A party may not show good cause for failing to amend his complaint within the deadline set by the court's scheduling order where he fails to act diligently in pursuing claims. *Francois* at 821. "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Ameritox, Ltd. v. Aegis Servs. Corp.*, Case No. 07-80498, 2008 U.S. Dist. LEXIS 88445;, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008). Here, good cause is evident due to the fact that the counterclaim was in fact filed by the deadline, it simply failed to be accompanied by the required motion.

In the event that good cause for an untimely amendment is shown under Rule 16, Rule 15 instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard of liberality is *mandated absent* any apparent reason to the contrary." *Gropp v.United Airlines, Inc.*, 847 F. Supp. 941, 943 (M.D. Fla. 1994).

Although leave to amend shall be freely given when justice so requires, a motion to amend "may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)). As stated above, in this case, the failure to move to amend was an inadvertent error of counsel that should not prejudice the Defendants.

Amendment of the answer and affirmative defenses is appropriate in the instant case to add a counterclaim.

Rule 13 of the Federal Rules of Civ. Procedures states:

(e) COUNTERCLAIM MATURING OR ACQUIRED AFTER PLEADING. The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.

WHEREFORE, Defendants respectfully request this Court grant their Motion for Leave to Amend their Answer, Affirmative Defenses, and file a Counterclaim, along with any other further relief this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Defendants has conferred with Counsel for Plaintiff regarding the relief sought in this Motion and Plaintiff was not in agreement with Defendant's request in this Motion.

Dated this 4th day of March, 2013.

/s/Netali Peles_____
NETALI PELES, ESQ.
Florida Bar No.: 84558
Archer Bay, P.A.
25 W. Flagler St, Suite 1010
Miami FL  33130
Telephone:  (305) 456-3561
Facsimile:  (866) 984-5239

4

                                              Attorney for Plaintiff
                                              npeles@archerbay.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 4, 2013, I electronically filed the foregoing document with the Clerk of Courts using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                          /s/Netali Peles_____
                                                          Netali Peles
                                                          Florida Bar No.: 84558