UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE SHERWIN-WILLIAMS COMPANY,
f/k/a SHERWIN-WILLIAMS AUTOMOTIVE
FINISHES CORP.,                              CASE NO.: 12-cv-23362-
                                                                                          Lenadard/O'Sullivan

      Plaintiff/Counter-Defendant,

vs.

AUTO BODY TECH, INC., PALM BEACH
AUTO BODY, INC., and JAIPAL S. GILL,         CLASS ACTION
*and all others similarly situated.*         JURY TRIAL DEMANDED

      Defendant/Counter-Plaintiffs.

**DEFENDANTS' REPLY IN RESPONSE TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

COMES NOW, Defendant/Counter-Plaintiffs, Auto Body Tech, Inc., Auto Body, Inc., and Jaipal S. Gill, and all others similarly situated, and hereby replies in response to Plaintiff's Brief in Opposition to Defendant's Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim as follows:

**INTRODUCTION**

This motion relates to counterclaims brought by Defendants/Counter-Plaintiffs, Auto Body Tech, Inc., Auto Body, Inc., and Jaipal S. Gill ("Defendants") on January 22, 2013, the deadline for filing amended claims. Because Defendants did not attach a motion to amend the complaint at that time, Plaintiffs have asserted that Defendant's motion for leave to amend is no longer to be determined based on the more liberal standards of Rule 15(a), but rather under the

stricter provisions of Rule 16(b). Further, Plaintiffs assert that Defendants have not provided such "good cause." However, this is contrary to case law and to the facts.

## LEGAL ARGUMENT

The Federal Rules should be construed in a manner that secures "the just, speedy, and inexpensive determination of every action." *Gropp v. United Airlines*, 874 F. Supp. 941, 946 (M.D. Fla. 1994); Fed. R. Civ. P. 1. The purpose of allowing amendments is "to resolve litigation on the merits" as decisions on the merits are favored by the rules. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 545 (11th Cir. 2002). The Federal Rules allow "a party [to] amend his pleading once as a matter of course." *Lee v. Alachua County*, 461 Fed. Appx. 859, 860 (11th Cir. 2012). Ambiguities should be resolved in favor of allowing amendments. *In re Forfeiture of One 1973 Mercedes Benz Motor Vehicle*, 423 So. 2d 535, 537 (Fla. Dist. Ct. App. 4th Dist. 1982). In cases where an amended complaint was filed but not the motion to amend, courts have determined whether to allow the amended complaint under Fed. R. Civ. P. 15. *See Weiss v. PPG Indus., Inc.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993) (in that case, where a pleading party failed to file a motion to amend with its amended pleading, the Court determined that since it "would likely have granted leave to amend at the time the corrected complaint was filed and because the Court finds no undue delay bad faith, or dilatory motive on the part of Plaintiffs, nor prejudice to the Defendant," it granted the motion to amend).

In this case, Plaintiff asserts that because Defendant failed to file its motion to amend alongside its amended answer, the Court should require that Plaintiff show "good cause." However, the cases which Plaintiff has cited to do not involve the situation present here: where a party has filed its amended complaint in a timely manner, but did not attach a motion to amend. It is clear as stated above, where the party requesting an amendment has filed its amended

complaint in a timely manner, but failed to file a motion to amend with its amended complaint, the court will still review the motion to amend under the more liberal standard of Fed. R. Civ. P. 15.

While Plaintiff asserts that Defendant failed to file its amended complaint alongside its motion to amend, and this is "fatal" to the request to amend, this also does not match the situation at bar. Defendant has already filed its amended complaint, and asserted in its motion to amend that it relates to the proposed Counterclaim [at Docket 46] that was filed in a timely manner on January 22, 2013.

Finally, Defendants have established that the requirements of Fed. R. Civ. P. 15 have been met, both in its Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim ("Motion to Amend"); and in its Response to Plaintiff's Motion to Strike and/or Dismiss Defendants' Counterclaim ("Response to Motion to Strike"), incorporated by reference as if fully set forth herein. Plaintiff admits in its Brief in Opposition to Defendant's Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim ("Brief in Opposition") that discovery has not yet commenced. Further, Plaintiff certainly knew of the potential claims that could be brought regarding the quality of its paint both on the behalf of Defendant and on behalf of other similarly situated Auto Body Shops, since it had already been sued by some shops, and because it had knowledge of the representations it made both orally and in its Warranty Program. As Defendant moreover filed its amended complaint in a timely manner, there is no reason that Plaintiff will be prejudiced by allowing Defendant's amended counterclaim. Defendant also provided a certificate of good faith in its Motion to Amend, and showed that there was no dilatory motive in providing its complaint, as it had no knowledge of

other similarly situated Plaintiffs, and certainly not in other states, prior to January of 2013 in both the Motion to Amend and Response to Motion to Strike.

WHEREFORE, Defendant respectfully requests that this Court GRANT its Motion to Amend.

Dated this 22nd day of March, 2013.

/s/ Netali Peles_____
NETALI PELES, ESQ.
Florida Bar No.: 84558
Archer Bay, P.A.
25 W. Flagler St, Suite 1010
Miami FL  33130
Telephone:  (305) 456-3561
Facsimile:  (866) 984-5239
Attorney for Plaintiff
npeles@archerbay.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2013, I electronically filed the foregoing document with the Clerk of Courts using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Netali Peles_____
Netali Peles
Florida Bar No.:  84558