UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THE SHERWIN-WILLIAMS COMPANY, f/k/a
SHERWIN-WILLIAMS AUTOMOTIVE
FINISHES CORP.,                                             CASE NO.: 12-cv-23362

    Plaintiff,

vs.

AUTO BODY TECH, INC., PALM BEACH
AUTO BODY, INC., and JAIPAL S. GILL ,

    Defendant.
_____/

## **DEFENDANTS' SHOW CAUSE MEMORANDUM**

The Defendants, AUTO BODY TECH, INC., PALM BEACH AUTO BODY, INC., and JAIPAL S. GIL, by and through undersigned counsel hereby submit their Show Cause Memorandum pursuant to this Court's Order to Show Cause [DE 117] and state:

1) Defendants herein were represented by Attorney Netali Peles until July 19, 2013 when this Court entered an Order [DE 116] granting Ms. Peles' Renewed Motion to Withdraw [DE 112].

2) On July 12, 2013 this Court deferred the Renewed Motion to Withdraw to July 19, 2013 and Ordered "the individual corporate defendants and representative for the corporate defendants shall be present at this hearing." [DE 113]. The Court's Order directed "counsel for the defendants shall provide a copy of this order to her clients".

3) Defendants herein have advised undersigned counsel that Attorney Peles did not serve the July 12, 2103 Order or otherwise inform her clients of the mandatory Court appearance.

4) At the July 19, 2013 hearing the Court issued an Order granting the Reneged Motion to Withdraw and entered two Orders the same day. The Order granting the Renewed Motion to Withdraw [DE116] and a Show Cause Order [DE 117]. The Court directed Ms. Peles to serve both Orders on her clients and file a Notice of Compliance with the Court in each Order.

5) Attorney Peles filed a Notice of Compliance on July 20, 2013 [DE 118]. The Notice of Compliance confirms that only one Order [DE 116] was served upon the Defendants. Defendants have advised undersigned that they were unaware of the Show Cause Order until today.

6) The Defendants have informed undersigned that they have previously referred Ms. Peles to the Florida Bar for failing to keep them informed of their case and other issues.

7) Undersigned counsel was retained on August 1, 2013 and filed a Notice of Appearance that day [DE 120]. Undersigned had been provided the Court's Order Granting the Renewed Motion to Withdraw that provided for a stay of "all pretrial deadlines and discovery" until August 30, 2013 [DE116]. Undersigned was in a position to accept this representation despite her large caseload, primarily because of the stay of the proceedings until August 30, 2013 because she was scheduled to be out of town on other matters for moist of the week of August 11 and 18, 2013.

8) Undersigned has been working diligently to investigate the case, retain an expert(s), prepare the outstanding discovery responses and comply with the Court's deadlines contained in the Order Setting Pretrial Conference and Trial Date [DE 44]. Undersigned was unaware of the Show Cause Order due to her belief that the case was stayed until August 30, 2013 and was focusing on the aforementioned activities. Undersigned counsel apologizes to the Court for her inadvertent failure to submit a timely Memorandum of Law pursuant to the Show Cause Order and prays the Court will accept this submission.

9) Attorney Peles did not comply with the Court's Show Cause Order when she failed to serve her clients with the Show Cause Order. Attorney Peles also failed to perform her duties to her clients when she neglected to tell them they were required to appear at the July 19, 2013 hearing.

10) Federal Rule of Civil Procedure 16(f) provides in pertinent part:

> [i]f a party or a party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... Or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C),(D).

2

Although Federal Courts have the inherent power to impose sanctions on parties, lawyers, or both Defendants pray the Court consider the above facts in exercising its discretion,. Defendants have not willfully disobeyed the Court's Orders and would have appeared on July 19, 2013 if they had known they were required to do so.

WHEREFORE, Defendants, AUTO BODY TECH, INC., PALM BEACH AUTO BODY, INC., and JAIPAL S. GIL, pray that this Honorable Court refrain from Sanctioning them for the reasons stated above.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2013, the undersigned electronically filed the foregoing document with the Clerk of COrut using CM/ECF. I also certify that the foregoing docuemtn is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties that are not authoirsed to recevied electronically Notice of Electronic Filing.

  /s/Jacqulyn MAck_____
JACQULYN MACK, ESQUIRE
**MACK LAW FIRM CHARTERED**
jacqulyn@macklawfirm.org
Primary: eservice1@macklawfirm.org
Secondary: eservice2@macklawfirm.org
**MACK LAW FIRM CHARTERED**
2022 Placida Road
Englewood, Florida  34224-5204
(941) 475-7966
(941) 475-0729 - fax
**and**
27 Fletcher Ave.
Sarasota, Florida 34237
(941) 893 -6400
Attorney for Defendants
Florida Bar No.: 0134902