UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA
CASE NO. 12-23362-CIV-O'SULLIVAN

THE SHERWIN WILLIAMS COMPANY
*Formerly known as* SHERWIN-WILLIAMS
AUTOMOTIVE FINISHES CORP.,

    Plaintiff/Counter-Defendant

v.

AUTO BODY TECH, INC.
PALM BEACH AUTO BODY, INC. and
JAIPAL S. GILL,

    Defendants/Counter-Plaintiffs.
_____/

## **DEFENDANTS' SECOND AMENDED COUNTERCLAIMS**

Defendants, Auto Body Tech, Inc. (hereafter "ABT"), Palm Beach Auto Body, Inc. (hereafter "PBA") and Jaipal Gill (hereafter "Gill"), by and through undersigned counsel, hereby file their Amended Answer, Affirmative Defenses to the Complaint [DE 1] and Second Amended Counterclaims and state:

1. This Counterclaim involves an Agreement (the "Agreement") for the sale of paint products. Under the Agreement, the auto body shops agreed to purchase all their required paint products exclusively from Sherwin Williams. In exchange, Sherwin Williams offered to advance a payment to the auto body shops.

2. Sherwin Williams promised that the paint was suitable for use on cars.

3. Upon purchasing the paint products, the auto body shops discovered that virtually all of Sherwin Williams' representations of the suitability of the paint were false and misleading.

4. For the auto body shops' intended use, the paint was essentially a worthless product.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
**www.MackLawFirm.org**
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

**Parties, Venue and Jurisdiction**

5. The Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of Florida because that is where the cause of action accrued.

7. This is an action for damages in excess of $15,000 exclusive of interest, court costs and attorney fees, arising out of facts set forth, in part, in the Counter-Defendant's Complaint.

8. Auto Body Tech, Inc. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

9. Palm Beach Auto Body, Inc. is a dissolved Florida corporation.

10. Jaipal S. Gill is domiciled in and is a citizen of the State of Georgia.

11. Sherwin Williams is an Ohio Corporation with its principal place of business in Ohio.

**FACTUAL ALLEGATIONS**

12. Sherwin Williams engages in the business of selling paints, coatings and related products for automobiles.

13. The auto body shops engage in the business of repairing and painting automobiles.

14. Sherwin Williams contacted the auto body shops to offer them to enter into the Supply Agreement.

15. Sherwin Williams, by and through its agents/representatives, Pedro DeArmas and Daniel Cardona, assured the auto body shops that its paint and related products were fit for use for the purposes and uses of the auto body shops.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

16. Sherwin Williams visited the auto body shops and observed the uses of paint and related products of the auto body shops.

17. Sherwin Williams were aware of the exact uses for which the auto body shops would require the paint and related products.

18. Sherwin Williams represented to the auto body shops that their paints were of the highest quality.

19. The Supply Agreement provided that the auto body shops would exclusively purchase all of their requirements for automotive paints, coatings and related products from Sherwin Williams for a specific term.

20. Sherwin Williams knew, or should have known, that its automotive paints, coatings and related products would not match many of the colors of paints on many of the vehicles to be repaired at the auto body shops.

21. Sherwin Williams did not inform the auto body shops that their products would not be fit for use for many purposes for which the auto body shops would require them.

22. As a result of these representations and misinformation, the auto body shops suffered significant damages.

23. The auto body shops informed Sherwin Williams of the problems which resulted from the defective paint products.

24. Sherwin Williams assured the auto body shops that Sherwin Williams would correct the problems.

25. Sherwin Williams further promised the auto body shops a fixed percentage discounts on paint products if they entered into the Agreement.

## COUNT I –FRAUDULENT INDUCEMENT

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
**www.MackLawFirm.org**
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

26. The auto body shops reallege paragraphs 1-25 above as if fully incorporated herein.

27. Sherwin-Williams made false statements to through its agents/representatives, Danny Cardona and Peter De Armas, to the auto body shops concerning material facts, specifically:

    a. Statements misrepresenting the quality of paint that it sold, and its certification and usability on cars.

    b. Statements misrepresenting the warranties which would be provided to the auto body shops.

    c. Before entering into the Agreement, in or around February/March of 2008, Danny Cardona and Peter De Armas visited the auto body shops.  These representatives told the auto body shops that their automobile paint products were of the highest quality and were constantly being tested and improved in laboratories.

    d. Before entering into the Agreement, in or around February/March of 2008, Danny Cardona and Peter De Armas told the auto body shops that if they entered into the Agreement, Sherwin Williams could provide them with paint and related products which would match all their needs and requirements.

    e. To sell and market their products, in or around February/March of 2008, Danny Cardona and Peter De Armas presented pamphlets and brochures and special presentations to the auto body shops which featured Sherwin Williams paint products as highly reliable and high quality paint products.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
**www.MackLawFirm.org**
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

    f. In or around February/March of 2008 Danny Cardona and Peter De Armas told the auto body shops that their business with Sherwin Williams would be a lucrative business opportunity.

28. Sherwin-Williams knew, or should have known that these false statements were untrue.

29. Sherwin Williams knew, or should have known, that their automobile paint products could not conform with the uses and requirements of the auto body shops.

30. Sherwin Williams made such statements in order to induce the auto body shops to enter into the Supply Agreement.

31. The auto body shops relied on these statements.

32. This reliance resulted in damages to the Counter-Plaintiffs/Defendants.

WHEREFORE, the auto body shops request that this Court enter judgment in their favor, and/or award damages that resulted from Sherwin Williams acts, and further request any such relief that this Court deems just and equitable under the circumstances.

## COUNT II- BREACH OF CONTRACT

33. The auto body shops re-allege paragraphs 1 through 32 as if fully incorporated herein.

34. The parties entered into the Agreement.

35. Sherwin Williams breached the Agreement by failing to provide the auto body shops with the paint products the auto body shops required, and which were required to be provided by Sherwin Williams under the Agreement.

36. As a result of this breach, the auto body shops suffered damages.

WHEREFORE, the auto body shops request that this Court enter judgment in their favor, and/or award damages that resulted from Sherwin Williams acts, and further request any such relief that this Court deems just and equitable under the circumstances.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
**www.MackLawFirm.org**
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

## COUNT VI – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

37. The auto body shops re-allege paragraphs 1 through 36 as if fully incorporated herein.

38. In every contract or agreement there is an implied duty of good faith and fair dealing.

39. As referenced herein, there existed an agreement between Sherwin Williams and the auto body shops, wherein Sherwin Williams warrantied its paint products, and implied their suitability for repair uses as the auto body shops required.

40. When notified of the issues with their paint products, Sherwin Williams failed to take action to ensure that the products met the required standards.

41. As a direct and proximate result of this breach, the auto body shops suffered monetary losses.

42. Sherwin Williams' breach of the duty of good faith and fair dealing was intentional, unlawful, and justifies the award of exemplary damages in an amount to be determined.

WHEREFORE, the auto body shops request that this Court enter judgment in their favor, and/or award damages that resulted from Sherwin Williams acts, and further request any such that this Court deems just and equitable under the circumstances.

## COUNT VII-UNCONSCIONABILITY

43. Counter-Plaintiffs re-allege paragraphs 1 through 25 as if fully incorporated herein.

44. Sherwin Williams provided a standard form and a take-it-or-leave-it contract.

45. Counter-Plaintiffs had little bargaining power with respect to the terms of the standard form.

46. The Agreements' provisions required the customer to give up basic legal rights and remedies that are otherwise available under common or statutory law.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
**www.MackLawFirm.org**
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

47. These provisions are substantially one-sided.

48. Sherwin Williams knew that Jaipal S. Gill was interested in purchasing Auto Body Tech, Inc. prior to this Agreement.

49. As an incentive to induce Gill to enter into the Agreement, Sherwin Williams agreed to pay $250,000 towards the down payment required for the purchase.

50. At the very last minute, Sherwin Williams handed the Agreement to Gill to sign, knowing that Gill was not fully informed and aware of the terms of the Agreement.

WHEREFORE, Counter Plaintiffs request that this Court enter judgment in their favor, and/or award damages that resulted from Sherwin Williams acts, and further request any such that this Court deems just and equitable under the circumstances.

## COUNT VIII – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR T RADE PR A CTICE S ACT ("FDUTPA")

51. Counter-Plaintiffs re-allege paragraphs 1 through 50 as if fully incorporated herein.

52. Sherwin Williams' acts described herein constitute unfair methods of competition, unconscionable acts or practice, and unfair or deceptive acts or practices in the conduct of trade or commerce. Fla. Stat. § 501.204.

53. The acts, misrepresentations, omissions, concealment, and practices engaged in by Sherwin Williams constituted ongoing and unfair business practices.

54. These practices are likely to deceive, and have deceived the auto body shops.

55. Sherwin Williams has unclean hands and may not avail itself of any statute of limitations.

56. Sherwin Williams consciously acted to deceive the auto body shops.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

57. As a result of such unfair business practices, the auto body shops have suffered damages and injuries, as alleged herein, and accordingly, are entitled to the recovery, refund, restitution, and disgorgement of all earnings, profits, compensation, and other benefits obtained by Sherwin Williams as a result of their unfair business practices.

WHEREFORE, the auto body shops request that this Court enter judgment in their favor and/or award damages that resulted from Sherwin Williams acts, and further request any such that this Court deems just and equitable under the circumstances.

## JURY DEMAND

Counter-Plaintiffs demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing docuemtn is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties that are not authoirsed to recevied electronically Notice of Electronic Filing. In addition, a true and correct copy of the foregoing has been furnished by e-service October 10, 2013, to: Jeffrey D. Wilson, Esq. at Wilson@youngbasile.com, Marc David Wolfe, Esq. at wolfe@youngbasile.com, Michael M. Jacob, Esq. at Jacob@youngbasile.com, Seth Jonathan Coblentz, Esq. at sc@lydeckerdiaz.com, Kimare Dyer, Esq. at kd@lydeckerdiaz.com, Mark A. Hendricks, Esq. at mah@lydeckerdiaz.com.

/s/Jacqulyn Mack
Jacqulyn Mack, Esquire
jacqulyn@MackLawFirm.org
Primary: eservice1@macklawfirm.org
Secondary: eservice2@macklawfirm.org
**MACK LAW FIRM CHARTERED**
2022 Placida Road
Englewood, Florida 34224-5204
(941) 475-7966 telephone
(941) 475-0729 facsimile
Florida Bar No.:0134902
Attorney for Defendants

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*