UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA CASE NO. 12-
23362-CIV-O'SULLIVAN

THE SHERWIN WILLIAMS COMPANY
*Formerly known as* SHERWIN-WILLIAMS AUTOMOTIVE
FINISHES CORP.,

    Plaintiff/Counter-Defendant v.

AUTO BODY TECH, INC.
PALM BEACH AUTO BODY,
INC. and JAIPAL S. GILL,

    Defendants/Counter-Plaintiffs.
_____/

## DEFENDANT JAIPAL GILL's MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF THE COMPLAINT

Defendant, Jaipal Gill ("Gill"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, moves this Honorable Court for the entry of Summary Judgment as to Count II of the Complaint [DE 1], and states:

**I.**     **Undisputed Material Facts**

1. Defendant Jaipal Gill executed two Guaranties' on May 22, 2008. [DE 1, ¶11]

2. Defendant Jaipal Gill executed the Supply Agreement on behalf of

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

Defendants, Auto Body Tech, Inc. ("ABT") and Palm Beach Auto, Inc. ("PBA") on May 28, 2008. [DE 1, ¶7]

Page | 2

3. Gill signed both documents in the state of Kentucky in front of a notary on different days. [DE 1, composite Exhibit A and Ex A- Gill 9/13/13 deposition, pg. 20, line 3-23].

4. Plaintiff knew that Gill lived in Kentucky because it had performed a background check, credit check, had copies of his tax returns, driver's license and credit application all of which identified his home address in Louisville, Kentucky. *See*, SW 000029, 000043 and 000047.

5. Each Guaranty is an absolute, irrevocable and unconditional guarantee of prompt and complete payment and performance of ABT's and PBA's obligations to Plaintiff under the Supply Agreement. [DE 1, composite Exhibit A, ¶A in each Guaranty].

6. Except for the name of the "Customer", each Guaranty contains identical language as follows:

For and in consideration of the agreement of Sherwin -Williams Automotive Finishes Corp. ("**Sherwin-Williams**") to extend credit to Auto Body Tech, Inc. ("**Customer**"), the undersigned, Jaipal S. Gill ("**Guarantor**"), hereby absolutely, irrevocably and unconditionally guarantees the prompt and complete payment and performance by Customer of all Customer's obligations to Sherwin-Williams under the Supply Agreement by and between Customer and Sherwin- Williams and/or under any other agreement or arrangement, nor or hereafter owing (collectively referred to herein as the "**Obligations**"). Upon failure by Customer to pay to Sherwin- Williams

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

upon demand the full amount that is due and payable under any of the Obligations, Guarantor shall pay Sherwin- Williams upon demand the full amount that is due and payable under all of the Obligations. This guaranty is a primary, absolute, irrevocable and unconditional obligation of the Guarantor and is enforceable by Sherwin-Williams, its successors and assigns, before or after proceeding against Customer, any other guarantor and/or any collateral securing the Obligations, and regardless of any insolvency, receivership or bankruptcy of Customer or any other guarantor, or discharge, reduction, extension or other modification of Customer's indebtedness and/or the Obligations.

[DE 1, composite Exhibit A, ¶A ]

7. Neither Guaranty is referred to, or incorporated in the Supply Agreement.

8. Neither Guaranty contains a choice of law provision. [DE 1, composite Exhibit A].

9. Neither Guaranty has a termination date or a maximum aggregate liability figure. [DE 1, composite Exhibit A].

## II.   Choice of Law Analysis Mandates the use of Kentucky Law to Interpret each Guaranty.

"Under Florida choice of law rules applicable to claims for breach of contract, Florida follows the principle of *lex loci contractus,* which means that the law of the place where the contract was signed governs the dispute.  Florida recognizes an exception to this general rule where the parties have specified a choice of law in their contract." *Taylor Bean & Whitaker v. GMAC Mortgage*, 2007 WL 1114045 *2 (MD Fla. 2007), *citing, Fioretti v. Mass. Gen. Life Ins. Co.,* 53 F.3d 1228, 1235 (11th Cir.1995).

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

Page | 3

It is undisputed that neither Guaranty contains a choice of law provision. It is also undisputed that Mr. Gill signed each Guaranty in the state of Kentucky where he maintained a residence at that time and that Plaintiff knew that Mr. Gill resided in that state. It is undisputed that Sherwin-Williams drafted each Guaranty. Therefore, the Court should interpret the efficacy of each Guaranty under Kentucky law.

Page | 4

### III. Kentucky law bars enforcement of each Guaranty because neither complies with KRS §371.065(1) "express reference" requirement.

The central issue in this Motion for Summary Judgment is whether the personal guaranty signed by Defendant Gill is valid under the law of the state where it was signed. Kentucky statutes, §371.065(1)[1], entitled "Requirements for valid, enforceable guaranty" provides:

(1) No guaranty of an indebtedness which either is not written on, or does not expressly refer to, the instrument or instruments being guaranteed shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates.

The Kentucky Supreme Court has stated that the requirement of stating the

---

[1] Effective: July 13, 1990, History: Amended 1990 Ky. Acts ch. 38, sec. 1, effective July 13, 1990. – Created 1986 Ky. Acts ch. 485, sec. 1, effective July 15, 1986.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

maximum liability and termination date "is a consumer-protection provision designed to protect the guarantor by reducing the risk of a guarantor agreeing to guarantee an unknown obligation. When the guaranty agreement is found on the document being guaranteed, however, that risk is negligible." *Wheeler & Clevenger Oil Co. v. Washburn,* 127 S.W.3d 609, 615 (Ky. 2004).

A recent Kentucky Appeals court in the case styled, *Brunswick Bowling & Billiards v. Ng-Cadlaon*, 2011 WL 5244971 (Ky. App. 2011), addressed the identical issue raised here when reviewing a summary judgment finding that the guaranty was unenforceable under KRS 371.065. It was undisputed that the *Brunswick Bowling* guaranty was not written on the instrument being guaranteed, did not state a maximum aggregate liability of the guarantor and did not state a termination date. *Id*. at *2.  The issue was whether the language "including but not limited to conditional sales agreements, leases, chattel and/or real estate mortgages, notes or other deferred or time payment paper, and any and all agreements relating to the purchase of such paper or documents (all of the foregoing hereinafter called 'Security Obligations') constitutes an express reference to the note at issue." *Id*. at *2. The *Brunswick Bowling* Court found that the guaranty "does not expressly refer to the instrument being guaranteed but rather binds her to a broad range of potential present and future obligations." *Id.* at *2.  It also found that the guaranty "was not attached to the note, did not expressly

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

refer to that specific note, nor did it make any reference to any particular sections of the note." *Id*. at *2. The Court rejected the Appellant's argument that the guarantor knew what she was signing and guaranteeing, stating "Brunswick and Deutsche were free to draft the guaranty with sufficient specificity to comply with the requirements of KRS 371.065(1)" and affirmed the summary judgment. *Id*. at *2-*3.

Page | 6

Last month, the U.S. District Court in Western Kentucky reviewed this precise issue in a case styled, *Wells Fargo Financial Leasing, Inc. v. Griffin*, 2013 WL 4776524 (WD Ky Paducah Division 9/6/2013). That case involved an equipment lease containing a Texas choice of law provision underlying two guaranties that were executed in Kentucky, one on the same day as the equipment lease and the other the next day. *Id*. at *1. It was undisputed that the guaranties were not written on the lease, did not specify a maximum aggregate liability or a termination date. *Id*. at *8. Both guaranties contained the following language "I guarantee that the Lessee/Customer will make all payments and pay all other charges required under the lease/rental agreement when they are due and will absolutely and unconditionally perform all other obligations under the lease/rental agreement fully and promptly." *Id*. at *9. The Court found the guaranties unenforceable under KRS §371.065(1) because they did not satisfy the statute's "express reference provision." *Id*. at *9.

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re: Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

> The Master Agreements do not themselves mention, reference, or otherwise incorporate any separate guaranty agreement. The facts that Jones' Guaranty was executed on the same day as the Master Agreements, and Griffin's Guaranty was executed the following day, at best support the inference that the Guaranties were intended to guarantee SE Book's obligations under the Master Agreements; however, such an inference is insufficient to satisfy §371.065(1)'s requirement that a guaranty *expressly* refer to the instrument being guaranteed.

I*d.* at *9 (emphasis original).

In this case, the two guaranties contain no indication of compliance with K.R.S. §371.065(1) "express reference" requirement. The language of the guaranties does not indicate that either is to be made a part of, or appended to, any *existing* contract. Instead each appears to have been written generally so as to apply to a non-existent, undefined, Supply Agreement "and/or any agreement or arrangement, now or hereafter owing." [DE 1, composite exhibit A ¶A]. Furthermore, the guaranties were not signed on the same day as the Supply Agreement. Rather each guaranty was executed six (6) days before the execution of the Supply Agreement.  The guaranties could not be construed as being "written on" the subject Supply Agreement because the Supply Agreement was not in existence at that time.  Likewise the Supply Agreement, "do[es] not mention, reference or otherwise incorporate any separate guaranty agreement" as in the *Wells Fargo Financial* case, *supra* at *9.   At best the single reference to the "Customer's obligations to Sherwin-Williams under the Supply Agreement", supports an inference that the guaranties were intended to guaranty ABT and PBA

Page | 7

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

obligations under an undefined, future contract rendering them unenforceable under K.R.S. §371.065(1) as a matter of law.

WHEREFORE, Defendant, Jaipal Gill, prays that this Honorable Court grant Summary Judgment as to Count II of the Complaint for the reasons stated herein.

Page | 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing docuemtn is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties that are not authoirsed to recevied electronically Notice of Electronic Filing. In addition,  a true and correct copy of the foregoing has been furnished by e-service October 28, 2013, to: Jeffrey D. Wilson, Esq. at Wilson@youngbasile.com, Marc David Wolfe, Esq. at wolfe@youngbasile.com, Michael M. Jacob, Esq. at Jacob@youngbasile.com, Seth Jonathan Coblentz, Esq. at sc@lydeckerdiaz.com, Kimare Dyer, Esq. at kd@lydeckerdiaz.com, Mark A. Hendricks, Esq. at mah@lydeckerdiaz.com.

/s/ Jacqulyn Mack
Jacqulyn Mack, Esquire
jacqulyn@MackLawFirm.org
Primary:  eservice1@macklawfirm.org
Secondary: eservice2@macklawfirm.org
**MACK LAW FIRM CHARTERED**
2022 Placida Road
Englewood, Florida  34224-5204
(941) 475-7966 telephone
(941) 475-0729 facsimile
 Florida Bar No.:0134902
Attorney for Defendants

Mack Law Firm Chartered
2022 Placida Road ☼ Englewood Florida 34224-5204 ☼ (941) 475 7966 T ☼ (941) 475-0729 F
www.MackLawFirm.org
*This pleading serves as designation of email addresses pursuant to Fla. R. Jud. Admin. 2.516, effective September 1, 2012, and to In Re:  Email Service Rule No. SC 102101 (Second Corrected Opinion issued June 21, 2012)*

Case 1:12-cv-23362-JJO   Document 160   Entered on FLSD Docket 10/28/2013   Page 9 of 10

JAIPAL GILL
SHERWIN-WILLIAMS vs. AUTO BODY
September 13, 2013
1–4

**Page 1**

```
 1    UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF
              FLORIDA MIAMI DIVISION
 2
 3          CASE NO. 1:12-cv-23362-JAL
 4
      THE SHERWIN-WILLIAMS COMPANY,
 5    f/k/a SHERWIN-WILLIAMS
      AUTOMOTIVE FINISHES CORP.,
 6
 7          Plaintiff,,
 8    -vs-
 9
10
      AUTO BODY TECH.INC.,PALM BEACH AUTO BODY, INC., and
11    JAIPAL S. GILL,
12
13          Defendants.
14    _____
15
16
17          DEPOSITION OF JAIPAL GILL
18
              September 13, 2013
19               Lydecker Diaz
         1221 Brickell Avenue 19th Floor
20              Miami, Florida 33131
              3:35 p.m. - 5:00 p.m.
21
22    399702
23    Melanie Stinson-Konstantinidis, RPR
      Registered Professional Reporter
24
25
```

**Page 2**

```
 1
 2    APPEARANCES:
 3        On behalf of the Plaintiff:
            JEFFREY D. WILSON, ESQUIRE
 4          YOUNG BASILE HANLON & MACFARLANE PC
            3001 West Big Beaver Road, Suite 624
 5          Troy, Michigan 48084
            248-649-3333
 6          wilson@youngbasile.com
 7
          On behalf of the Defendant:
 8          JACQULYN MACK, ESQUIRE
            MACK LAW FIRM CHARTERED
 9          2022 Placida Road
            Englewood, Florida 34224
10          941-475-7966
            jacqulyn@macklawfirm.org
11
12        ALSO PRESENT: MR. SAL AKTURK
13
...
25
```

**Page 3**

```
 1                    INDEX
 2
 3    WITNESS                                 PAGE
 4
 5    JAIPAL GILL                              5
 6
 7    DIRECT EXAMINATION BY MR. WILSON         5
 8
...
25
```

**Page 4**

```
 1              INDEX TO EXHIBITS
 2    Exhibit 30                              13
      Exhibit 31                              14
 3    Exhibit 32                              15
      Exhibit 33                              23
 4    Exhibit 34                              27
      Exhibit 35                              31
 5    Exhibit 36                              31
      Exhibit 37                              39
 6
...
25
```



Exhibit A

Case 1:12-cv-23362-JJO   Document 160   Entered on FLSD Docket 10/28/2013   Page 10 of 10

JAIPAL GILL                                         September 13, 2013
SHERWIN-WILLIAMS vs. AUTO BODY                                   17–20

Page 17

1   Q.  Did you ever hold any type of employment or --
2   well, let me strike that.
3       Were you ever employed by Palm Beach Auto
4   Body?
5   A.  No.
6   Q.  Were you ever an officer of Palm Beach Auto
7   Body?
8   A.  No.
9   Q.  Are you aware that you signed the
10  Sherwin-Williams supply agreement in May 2008 listing
11  yourself as vice president of Palm Beach Auto Body?
12  A.  Yes.
13  Q.  Why did you list yourself as Palm Beach Auto's
14  vice president?
15  A.  I guess Sal has given me authority to sign for
16  him?
17  Q.  Why did you list yourself as vice president?
18      MS. MACK:  He just answered at that question.
19      THE WITNESS:  Because I was just to sign as an
20  officer, so I just listed vice president.
21  BY MR. WILSON:
22  Q.  You just testified you were never an officer
23  on Palm Beach Auto Body and I understand Sal gave you an
24  authorization?
25  A.  Yes.

Page 18

1   Q.  Did you become Palm Beach Auto's vice
2   president for a short period of time at the signing of
3   the agreement?
4   A.  At the signing of the agreement.
5   Q.  So you were an officer at the time of the
6   agreement?
7   A.  I don't know if we did it to assist them, but
8   I had the authority to just sign it.
9   Q.  I understand that.  My question is simply,
10  were you a vice president of Palm Beach Auto when you
11  signed the agreement with Sherwin-Williams?
12  A.  Yes.
13  Q.  What date did you sign the Sherwin-Williams
14  supply agreement?
15      MS. MACK:  You don't need to direct him --
16      MR. WILSON:  I am directing him to the
17  document.  You can answer.
18      THE WITNESS:  It is May 28, '08.
19  BY MR. WILSON:
20  Q.  Counsel, you don't have to keep pointing to
21  the document?
22      MS. MACK:  You're trying to trick him without
23  giving him the document.
24      MR. WILSON:  Excuse me, he has the document.
25      MS. MACK:  I know, I just gave it to him.

Page 19

1       MR. WILSON:  Exactly.
2       MS. MACK:  Right.
3       MR. WILSON:  You now pointed twice to the
4   effective date of the agreement as he was trying to
5   answer that question and I'm telling you please don't do
6   that.
7       MS. MACK:  Okay.
8       MR. WILSON:  Thank you.
9   BY MR. WILSON:
10  Q.  Mr. Gill --
11      MS. MACK:  If you are willing to like stop at
12  5:00, I'll be happy to just sit back and make my
13  objections.
14  BY MR. WILSON:
15  Q.  Mr. Gill --
16  A.  Yes.
17  Q.  Take a look at page SW 21 which is the
18  signature page of the Auto Body Tech and Palm Beach Auto
19  Body agreement?
20  A.  The one that I am --
21  Q.  That's it.  That's your signature on that
22  document, right?
23  A.  Yes.
24  Q.  It was notarized?
25  A.  Yes.

Page 20

1   Q.  Who is the notary, do you recall?
2   A.  I don't recall.
3   Q.  Do you recall where you were when you signed
4   this?
5   A.  At Kentucky.
6   Q.  At Kentucky?
7   A.  Yeah.
8   Q.  Did they send this to you --
9   A.  Yes.
10  Q.  I am sorry.  Did they send this to you
11  electronically, like by e-mail?
12  A.  I don't remember.
13  Q.  So you signed it and it was notarized by that
14  whoever's signature that notary was?
15  A.  Correct.
16  Q.  If you look on the next page, that's your
17  signature on the guaranty?
18  A.  Yes.
19  Q.  There is a date 5/22/08?
20  A.  Yes.
21  Q.  That same notary is listed signed as the
22  notary, right?
23  A.  Yes.
24  Q.  Were both of these documents signed in front
25  of the same notary?