UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23362-CIV-O'SULLIVAN
[CONSENT]

THE SHERWIN-WILLIAMS COMPANY
*formerly known as* SHERWIN-WILLIAMS
AUTOMOTIVE FINISHES CORP.,

    Plaintiff,

v.

AUTO BODY TECH, INC.,
PALM BEACH AUTO BODY, INC., and
JAIPAL S. GILL,

    Defendants.
                             /

## ORDER

THIS CAUSE comes before the Court on the Defendant Jaipal Gill's Motion for Summary Judgment as to Count II of the Complaint (DE# 160, 10/28/2013). Having reviewed the motion, response and reply as well as the facts in the record, the undersigned finds that fact issues preclude summary judgment. Accordingly, the Defendant's Motion for Summary Judgment as to Count II of the Complaint (DE# 160, 10/28/2013) is **DENIED** for the reasons stated herein.

## STANDARD OF REVIEW

The defendant seeks summary judgment on Count II of the plaintiff's complaint. In Count II, the plaintiff alleges that Mr. Gill is individually liable based on his execution of two Guaranties. When ruling on a motion for summary judgment, the Court must look to Federal Rule of Civil Procedure 56(a), which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law." FED. R. CIV. P.

56(a).

The moving party bears the burden of proof on a motion for summary judgment. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying these portions of the pleadings, depositions, answers to interrogatories, and admissions on file . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotation marks omitted).

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. See Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

## DISCUSSION

Defendant Gill seeks summary judgment on Count II of the plaintiff's complaint on the grounds that the two Guaranties that he signed are unenforceable under Kentucky law because 1) they are "not written on, or do[ ] not expressly refer to, the instrument ... being guaranteed" and 2) because the guaranties do not "contain[ ] provisions specifying the amount of maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates" as required by Section 371.065(1) of the Kentucky Revised Statutes Annotated.  The defendant maintains that Kentucky law governs because the Guaranties do not contain a choice of law provision and they were executed in Kentucky, where the defendant resides, allegedly days apart

from execution of the Supply Agreement.

The plaintiff disputes the date that defendant Gill signed the Supply Agreement because the Supply Agreement had an effective date of May 28, 2008, but did not have a signature date.  Despite counsel for plaintiff's objections during Mr. Gill's deposition, the plaintiff maintains that Mr. Gill's supposition that he signed the Supply Agreement on May 28, 2008 was offered only after Mr. Gill's attorney repeatedly pointed to the effective date of the Supply Agreement.  Gill Depo. at 18:13-19:8.  Mr. Gill testified that the two Guaranties and the Supply Agreement were notarized by the same person and that he did not know whether he signed all three documents on the same day.  Gill Depo. at 19:17-21:20.  Mr. Gill testified:

> Q. Is it possible that you signed all three documents on the same day, if you know?
>
> A. I don't know.

Gill Depo. 21:18-20.  A genuine dispute exists as to whether the Supply Agreement and the two Guaranties were executed on different days.

The plaintiff further argues that the Supply Agreement contains a choice of law provisions that mandates the use of "the internal laws of the State of Ohio."  The plaintiff maintains that Ohio law, not Kentucky law, governs the Guaranties.  The Supply Agreement also identifies the parties to the contract namely: Sherwin-Williams Automotive Finishes Corp. ("Sherwin-Williams"), Auto Body Tech., Inc. ("Auto Body"), and Palm Beach Auto Body, Inc. ("Palm Beach").  The Supply Agreement provides that "Auto Body and Palm Beach may be individually referred to herein as a 'Customer' and may be collectively referred to herein as 'Customers.'" Jaipal S. Gill signed two separate

3

Guaranties in consideration of Sherwin-Williams extending credit to: 1) Palm Beach Auto Body, Inc. and 2) Auto Body Tech., Inc.  Both Guaranties were titled "Guaranty."  Auto Body and Palm Beach were each identified as "Customer" in their respective Guaranty.  Each Guaranty is between Sherwin-Williams, Customer and Jaipal S. Gill ("Guarantor").  Each Guaranty expressly references "the Supply Agreement by and between Customer and Sherwin-Williams."  In each Guaranty, Mr. Gill expressly "guarantee[d] the prompt and complete payment and performance by Customer of all Customer's obligations to Sherwin-Williams under the Supply Agreement."

**I.      Choice of Law**

The Guaranties do not contain an express choice of law provision.  The Supply Agreement provides that Ohio law governs.  Under Florida law, a valid choice of law provision must be given effect.  The defendant argues that Kentucky law applies because the Guaranties were executed by Mr. Gill in Kentucky.  Florida's choice of law rules prefer a valid choice of law provision over the *lex loci contractus* doctrine, which uses the law of the forum in which the agreement was signed.

In Hopfenspirger v. West, 949 So. 2d 1050 (Fla. 5th DCA 2006), the Florida appellate court rejected the defense to enforcement of a guaranty based on Florida usury law where the parties had selected Minnesota law to govern their dispute in a separate loan agreement.  The West court explained:

> Although the personal guarantee agreement did not include a choice of law provision, Minnesota law would still govern.  Florida law is well-settled that where two or more documents are executed by the same parties at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be read together.  Furthermore, it is a generally accepted rule of contract law that, where a writing expressly

4

> refers to and sufficiently describes another document, the other document is to be interpreted as part of the writing.

Id. at 1053 (internal citations omitted); see also Clayton v. Howard Johnson Franchise Sys., Inc., 954 F.2d 645, 648 (11th Cir. 1992) (reversing Florida court that construed two agreements separately); see Smith v. Bethlehem Sand & Gravel Co., 342 S.W. 3d 288, 294-95 (Ky. Ct. App. 2011)(treating two agreements executed close in time as part of one transaction).  The plaintiff maintains that the Supply Agreement and the guaranties should be read together because they were executed by Mr. Gill, involved the same parties and because all three documents were executed at or near the same time.

Alternatively, the plaintiff contends that the guaranties satisfy Kentucky law because they expressly refer to the Supply Agreement.  The plaintiff maintains that Kentucky law requires a guaranty to either: 1) be written on the instrument it is guaranteeing; 2) expressly refer to the instrument it is guaranteeing; or 3) specify the guarantor's maximum aggregated liability and termination date.  See Wheeler & Clevenger Oil Co. v. Washburn, 127 S.W. 3d 609, 614 (Ky. 2004).  The plaintiff maintains that since the two guaranties at issue expressly refer to the Supply Agreement the Guaranties satisfy the Kentucky statute.

## CONCLUSION

Genuine issues of material fact exist regarding the execution of the Guaranties and the Supply Agreement and affect which state law applies. Accordingly, the defendant's Motion for Summary Judgment (DE# 160, 10/28/2013) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **26th** day of May, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record